UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RUTH SISSON,

        Plaintiff,

                                                                Case Number 10-10768-BC

v.                                                             Honorable Thomas L. Ludington

WAL-MART STORES EAST, L.P.,

        Defendant.

_____ /

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
## NOTICE OF NONPARTY FAULT

Plaintiff Ruth Sisson was shopping at a Wal-Mart store in Saginaw on June 7, 2007, when a wind chime rack allegedly toppled over on top of her, causing several injuries to Plaintiff's left arm and shoulder. Plaintiff filed a one-count complaint against Defendant, Wal-Mart Stores East, L.P., on January 21, 2010 in Saginaw County Circuit Court. Plaintiff contends that Defendant's negligence caused her injuries. The complaint was removed to this Court on February 24, 2010 by Defendant.

On March 19, 2010, Defendant filed a notice of nonparty fault pursuant to Michigan Court Rule 2.112(K). In the notice, Defendant contends that a nonparty must be partially or wholly responsible for causing the wind chime rack to fall because there is no evidence that Defendant caused the rack to fall. On March 25, 2010, Plaintiff filed a motion to strike Defendant's notice of nonparty fault, contending that the notice is defective and a nonparty cannot be at fault because it was Defendant's sole responsibility to provide a reasonably safe premises to Plaintiff. Defendant filed a response in support of its notice of nonparty fault on April 8, 2010.

In 1995, the Michigan Legislature enacted a tort reform bill that, among other things,

required courts to apportion damages based on percentage of fault.  *See* Mich. Comp. Laws §§ 600.6304, 600.2957.  Thus, for example, in a two-party negligence action like this case, if the jury determines that the plaintiff is entitled to $100,000 in damages and that the defendant is 33.3 percent at fault, the plaintiff is 33.3 percent at fault, and a non-party is 33.3 percent at fault, the plaintiff would typically recover only $33,333 from the defendant.  Mich. Comp. Laws § 600.6304(3) & (4).  In order to reap the potential benefits of the statute, however, the defendant is required to provide notice to the plaintiff that "a nonparty is wholly or partially at fault."  Mich. Ct. R. 2.112(K)(3)(a).  "[T]he trier of fact shall not assess the fault of a nonparty unless notice has been given as provided in this subrule."  Mich. Ct. R. 2.112(K)(3)(a).  The required notice must "set forth the nonparty's name and last known address, or the best identification of the nonparty that is possible, together with a brief statement of the basis for believing the nonparty is at fault."  Mich. Ct. R. 2.112(K)(3)(b).  Defendant must file the notice within ninety-one days of filing an answer, or later, with leave of the Court.  Mich. Ct. R. 2.112(K)(3)(c).

As Plaintiff emphasizes, Defendant's notice of nonparty fault does not identify the nonparty's name or last known address, nor does it provide a particularly strong basis for believing that a nonparty is at fault in this case.  Rather, the notice speculates that a nonparty must be at fault because Defendant contends that it is not at fault.  Still, given the potentially harsh consequences associated with not filing a notice of nonparty fault and the requirement that the notice be filed early in the case, the notice may well include the "best identification" of the nonparty that was available to Defendant at the time.  Mich. Ct. R. 2.112(K)(3)(b).  Moreover, it is not yet necessary for the Court to determine whether the notice meets the requirements of the Michigan Court Rule, the only issue is whether it should be stricken under Federal Rule of Civil Procedure 12(f).  Plaintiff's motion

to strike will be denied because Plaintiff has not demonstrated that the notice should be stricken.

Accordingly, it is **ORDERED** Plaintiff's motion to strike notice of nonparty fault [Dkt. # 4] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 25, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 25, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS